# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| ANADEX DATA COMMUNICATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S COMPANIES, INC. and LOWE'S HOME CENTERS, LLC,<br><br>Defendants. | Civil Action No. 4:21-cv-523<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Anadex Data Communications LLC ("ADC" or "Plaintiff"), for its Complaint against Lowe's Companies, Inc. and Lowe's Home Centers, LLC (collectively "Lowe's" or "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff is a limited liability company organized under the laws of the State of Texas with a place of business at 3107 Boardwalk, Atlantic City, NJ 08401.

3. Upon information and belief, Defendant Lowe's Companies, Inc. ("LCI") is a North Carolina corporation having a principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

4. Upon information and belief, Defendant Lowe's Home Centers, LLC ("LHC") is a North Carolina company having a principal place of business at 1605 Curtis Bridge Road, North Wilkesboro, North Carolina 28697.

5. LHC owns and operates home improvement warehouses known as "Lowe's Home Improvement" warehouses in this State and District that sell the products that infringe ADC's patent-in-suit.

6. Upon information and belief, Defendants sell and offer to sell products and services throughout the United States, including in this judicial district, and introduce products and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.  Specifically, Defendants sell and offer infringing products and services through their retail stores located at 2801 U.S. Highway 75 North Sherman, TX 75090.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. Venue is proper in this judicial district under 28 U.S.C. §1400(b).  On information and belief, Defendants have a regular and established place of business at 2801 U.S. Highway 75 North Sherman, TX 75090.

10. On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because Defendants have sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or the State of Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, because Defendants purposefully availed themselves of the privileges of conducting business in the State of Texas and in this District;

Defendants regularly conduct and solicit business within the State of Texas and within this District; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and this District.

11. Further, this Court has personal jurisdiction over Defendants because they have purposely availed themselves of the privileges and benefits of the laws of the State of Texas.  Upon information and belief, Defendants are registered to do business in Texas with the Secretary of State. The Texas Business Organizations Code (Bus. Org. § 9.001) requires all entities formed outside of the State of Texas to complete such registration in order to "transact business" in Texas.  Upon information and belief, Defendants are registered as taxable entities with the Texas Comptroller of Public Accountants in connection with marketing and sales of their products and services through Lowe's retail stores.

12. Defendants engage in sales of products and services that infringe the patent-in-suit through their retail store in at least Sherman, TX.  Upon information and belief, Defendants engage in marketing activities that promote the sale of their goods and services to customers and/or potential customers located in Texas and in the Eastern District of Texas; specifically, this Division.

## BACKGROUND OF THE INVENTION

13. Marcin Zalewski is the inventor of U.S. patent No. 7,310,120 ("the '120 patent").

14. The '120 patent resulted from the pioneering efforts of Marcin Zalewski (hereinafter "the Inventor") in the area of analog video conversion receivers.  These efforts resulted in development of a receiver which could receive and convert an analogue video signal and control the display of the video frames at the time of the invention in 2004.  At the time of these pioneering efforts, the most widely implemented technologies used to address controlling display of video signal frames were systems comprising a single frame buffer or systems

comprising two frame buffers.  In single frame buffer systems, output could be affected by interferences unless input and output timers were synchronized.  This was problematic due to difficulties related to switching among input signals with different synchronization frequencies/phases.  Systems with two frame buffers for double buffering where data was fetched into the first buffer and then copied to the second buffer required copying of large amounts of data.  The Inventor conceived of the inventions claimed in the '120 patent as a way to reduce the interferences and allow a conversion of video frames in such a way that the output frequency could be either lower or higher than the input frequency.  (*See* Exhibit 1 at 1:16-66.)

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,310,120

15. Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

16. On December 18, 2007, the '120 patent, entitled *Receiver of Analogue Video Signal Having Means for Analogue Video Signal Conversion and Method for Control of Display of Video Frames* was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '120 patent is attached as Exhibit 1.

17. Plaintiff is the assignee and owner of the right, title, and interest in and to the '120 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of them.

18. Upon information and belief, Defendants have and continue to directly infringe at least claim 1 of the '120 patent pursuant to 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing in the United States without authority products, including video surveillance systems, such as its Night Owl 4K Ultra HD Wired Security DVR Home Security System Camera(s) Included.  (*See* Exhibit 2.)

19. Discovery is expected to uncover the full extent of Defendants' infringement of the '120 patent beyond the Accused Instrumentalities already identified through public information.

20. A claim chart detailing how one or more of the Accused Instrumentalities infringe claim 1 of the '120 patent is attached hereto as Exhibit 3 and incorporated herein by reference.

21. The Accused Instrumentalities have infringed and continue to infringe at least claim 1 of the '120 patent.

22. On information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendants' partners, clients, customers and end users across the country and in this District.

23. Defendants were made aware of the '120 patent and their infringement thereof at least as early as the filing of this Complaint.

24. Plaintiff has suffered, and continues to suffer, damages as a result of Defendants' infringement of the '120 patent.

25. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case. In particular, Plaintiff notes that the attached claim chart is based on publicly available information only, without the benefit of the Court's claim construction, and Plaintiff reserves all rights with respect to its infringement contentions or its proposed claim constructions. Plaintiff intends the claim chart (Ex. 3) for the '120 patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure. The claim chart is not Plaintiff's preliminary or final infringement contentions, nor does it represent, expressly or impliedly, its preliminary or final claim construction positions.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendants as follows:

A. A judgment that Defendants have directly infringed the '120 patent;

B. A judgment that Defendants have willfully infringed one or more claims of the '120 patent;

C. A judgment awarding Plaintiff all damages adequate to compensate for Defendants' infringement, and in no event less than a reasonable royalty for Defendants' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

D. A judgment awarding Plaintiff treble damages pursuant to 35 U.S.C. § 284 as a result of Defendants' willful conduct;

E. A judgment and order finding that this case is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees; and

F. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

| | |
|---|---|
| Dated: July 7, 2021 | DEVLIN LAW FIRM LLC |
| | |
| | <u>*/s/ Timothy Devlin*</u> |
| | Timothy Devlin |
| | tdevlin@devlinlawfirm.com |
| | Robert Kiddie |
| | rkiddie@devlinlawfirm.com |
| | 1526 Gilpin Ave. |
| | Wilmington, Delaware 19806 |
| | Telephone: (302) 449-9010 |
| | Facsimile: (302) 353-4251 |
| | |
| | *Attorneys for Plaintiff* |
| | *ANADEX DATA COMMUNICATIONS LLC* |